UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASEY HUFF, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3549 |
| | § | |
| SHANDY'S CAFE, LLC, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the court in this case brought pursuant to the Fair and Accurate Credit Transaction Act ("FACTA"), 15 U.S.C. § 1681c(g), is defendant's motion to dismiss. Dkt. 6. After review of the motion, the response (Dkt. 7), and the applicable law, the motion is **DENIED** without prejudice to defendant's right to seek summary judgment.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). *Aschroft v. Iqbal* , ___ U.S.___, 129 S. Ct. 1937, 1949 (2009). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955 (2007).

##### ANALYSIS

Plaintiff alleges that he was given a receipt after purchasing a meal from defendant that did not comply with the "truncation" provision of the FACTA: "[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g). Defendant moves to dismiss, and argues (but provides no evidence in support of this argument) that plaintiff used a business credit card to purchase the meal and, accordingly, lacks standing to sue for any alleged violation of the truncation provision.

While the FACTA provides the basis for plaintiff's claim, the Fair Credit Reporting Act ("FCRA") provides the right to sue: "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . . ." 15 U.S.C. § 1681n. *Pezl v. Amore Mio, Inc.*, 259 F.R.D. 344, 347 (N.D. Ill. 2009)("FACTA does not contain a separate provision establishing a private cause of action; the right to sue is granted under the FCRA."). Thus, only a "consumer" can file suit for a violation of the FACTA, and a "consumer" is defined as "an individual." 15 U.S.C. § 1681a(c). The FACTA does not, therefore, limit the occurrence of a violation to consumers or individuals, but the FCRA limits the ability to seek a remedy for such violations to individuals, not businesses or corporations. *Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. 150, 156 (S.D. N.Y. 2010) ("[A]ny right to sue under [FACTA] is limited to 'consumers.'") (citing *Follman v. Vill. Squire, Inc.*, 542 F.Supp.2d 816, 819 (N.D. Ill. 2007); *Pezl*, 259 F.R.D. at 347-48.

Here, however, there are no factual allegations in the complaint concerning the nature of the credit card used by plaintiff. Defendants argue in their motion that the card used was a business

card, but have neither pleaded nor presented evidence that this is the case. Counsel for plaintiff has gone to great lengths in both the response to the motion to dismiss (Dkt. 7), and the proposed amended complaint offered in the alternative (Dkt. 7-1), to avoid any mention of whether the credit card used was plaintiff's individual card or a business card. Thus, the court cannot rule at this stage whether plaintiff can pursue a truncation claim under the FACTA. Thus, this matter should be addressed through a motion for summary judgment, which may be filed at any time. FED.R.CIV.P. 56(b).

## CONCLUSION

After review of the motion to dismiss (Dkt. 3), the response (Dkt. 7), and the applicable law, the motion is **DENIED** without prejudice to defendant's right to seek summary judgment.

It is so **ORDERED**.

Signed at Houston, Texas on November 16, 2011.

_____
Gray H. Miller
United States District Judge