UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CASEY HUFF** | § | |
| | § | |
| *versus* | § | CIVIL DOCKET H-11-3549 |
| | § | JUDGE GRAY H. MILLER |
| **SHANDY'S CAFÉ, LLC** | § | |

**DEFENDANT SHANDY'S CAFÉ, LLC'S MOTION FOR SUMMARY JUDGMENT**

*TO THE HONORABLE GRAY H. MILLER:*

Defendant, Shandy's Café, LLC, ("Shandy's Café") files this motion for summary judgment and, in support thereof, respectfully shows this Court as follows:

**SUMMARY JUDGMENT EVIDENCE**

1.  The following documents are attached and incorporated by reference into this motion:

    Exhibit A:   Affidavit of Shandy Beard

    Exhibit B:   Affidavit of Casey Huff

    Exhibit C:   Receipt produced by Plaintiff

    Exhibit D:   Plaintiff's Responses to Defendant's First Request for Admissions

    Exhibit E:   Plaintiffs' Responses to Plaintiff's [sic] First Request for Production

    Exhibit F:   Plaintiffs' Responses to Plaintiff's [sic] First Set of Interrogatories

    Exhibit G:   Affidavit of David Adler

    Exhibit H:   Information about GTS & Associates, Inc., from the Texas Secretary of State's Website

**NATURE AND STAGE OF THE PROCEEDING**

2.  Plaintiff Casey Huff ("Plaintiff") initiated this case on October 3, 2011 when he filed his complaint alleging that Shandy's Café willfully violated the Fair and Accurate Transaction Act of

2003 ("FACTA"), which is part of the Fair Credit Reporting Act ("FCRA") by providing Plaintiff with an electronically printed receipt in September, 2011, on which was printed the expiration date to Plaintiff's credit card. *See* Doc. 3 (Amended Complaint) at ¶ 75. The provision of FACTA relevant to this case provides that, "no person that accepts credit cards or debit cards for the transaction of business shall print . . . the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. §1681c(g). Violations of FACTA must be pursued under the FCRA, which provides that: "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any *consumer* is liable to *that consumer* . . . " 15 U.S.C. §1681n(a)(1) (emphasis added). The discovery period in this case ended on December 15, 2012. *See* Docket entry 15.

## ISSUES TO BE RULED UPON

3.      This motion presents two issues. The first is whether Plaintiff, by using a card issued to his landscaping company, GTS & Associates, Inc., during the transaction at issue is a "consumer" under the FCRA. The second is whether Shandy's Café willfully violated FACTA's prohibition against the printing of expirations dates on electronically printed receipts. If either of these is not true, Plaintiff's claim fails as a matter of law.

## FACTUAL BACKGROUND

4.      The factual background of this case is not complicated. Ms. Shandy Beard opened Shandy's Café on 5814 Memorial Drive in Houston, Texas, in 2005. *See* Exh. A. Shandy's Café is a small, independent café with seating for a maximum of 40 patrons and employs a total of 5 employees, one of whom is Ms. Beard. *Id.* The establishment that Plaintiff seeks class action status against is pictured below.



5.      Plaintiff Casey Huff owns and operates a landscaping company called GTS & Associates, Inc. ("GTS").  *See* Exh. B.  GTS is a domestic for-profit corporation registered in Texas and was created on April 11, 2006.  *See* Exh. H.

6.      On September 22, 2011, Plaintiff made a purchase at Shandy's Café using a Mastercard in the name of GTS, not Casey Huff.  ("GTS Mastercard").  *See* Exhs. B, C.  Plaintiff received a printed receipt from Shandy's Café for a purchase that displayed the expiration date of the GTS Mastercard ("Receipt").  *See* Exh. C.  The receipt states, "Magnetic card present: INC GTS ASSOCIATES." *Id.*  The receipt does not state the Plaintiff's name, "Casey Huff."  *Id.*; Exh. D at no. 3.

7.      Plaintiff filed this lawsuit because the expiration date of the GTS Mastercard is displayed on the receipt.  *See* Doc. 3 (Amended Complaint) at ¶¶ 75-80.  Plaintiff admits he has not suffered any actual damages as a result of the transaction upon which this suit is based.  *See* Exh. D at no. 6; Exh. E at no. 27.[1]  Plaintiff is only seeking statutory damages.  *See* Exh. F at 3.

## SUMMARY JUDGMENT STANDARD

8.      "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine issue of fact exists only if the evidence is such that a reasonable jury could

---

[1]Exhibit E contains two "Request for Production 27."  The referenced request is the second "Request for Production 27" and appears on page 8 of the document.

3

return a verdict for the nonmoving party. *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002). The movant must "demonstrate the absence of a genuine issue of material fact, but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal quotes omitted). Once the movant has established the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* Summary judgment is appropriate when a nonmovant, viewing the facts in the light most favorable to him, has no cognizable claim or is subject to an affirmative defense. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348 (1986); *accord Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996).

9. To successfully oppose summary judgment, the nonmoving party must present definite, competent evidence to rebut the motion. *Firstar Bank, N.A. v. Faul Chevrolet, Inc.*, 249 F.Supp.2d 1029, 1032 (N.D. Ill. 2003). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d at 1075 (internal quotes omitted). The Court "will resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Id.* This Court need not give any credence to affidavits which do not set forth facts based on personal knowledge in a form admissible in evidence, or which are without foundation. *Compania Administradora de Recuperacion de Activos Administradora de Fondos de Inversion Sociedad Anonima v. Titan Int'l, Inc.,* 533 F.3d 555, 562 (7th Cir. 2008); *see also* JAMES W. MOORE & JEREMY C. WICKES, 6 MOORE'S FEDERAL PRACTICE, ¶56.22(1) at 56-759 (2d ed. 1988) ("Submitted exhibits and documents must be admissible in evidence"). Summary judgment is appropriate in any case

"where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant . . . " *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir.1993).

10.     Importantly, the U.S. Supreme Court has found no requirement in Rule 56(c) that the moving party support its motion with affidavits or similar material negating the opponent's claim. Instead, the moving party may discharge its burden by pointing out the absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")

## ARGUMENTS AND AUTHORITIES

**I.     PLAINTIFF'S FACTA CLAIM FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF CANNOT DEMONSTRATE THAT HE IS A "CONSUMER" AS DEFINED IN THE FCRA, AND BECAUSE THE FCRA DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION FOR CORPORATIONS.**

11.     Shandy's Café is entitled to summary judgment because Plaintiff cannot establish that he is a "consumer" as defined under FCRA. To be entitled to relief under the FCRA, a plaintiff must be a consumer, which is defined as an individual and not an artificial entity. *See* 15 U.S.C. §1681a(c); 15 U.S.C. §1681n(a); 16 C.F.R. pt. 600, App. §603(c)(2). Accordingly, only cardholders who pay with a consumer debit or credit card can recover under the FCRA. *See Najarian v. Avis Rent a Car System*, No. CV 07-588-RGK, 2007 WL 4682071, at *3 (C.D. Cal. June 11, 2007) ("Only those customers who paid with 'consumer' credit or debit cards . . . qualify for relief" under FACTA.).

12. The FCRA's statutory language makes it clear that civil penalties established for willful noncompliance with section 1681c(g)(l) are set forth in section 1681n(a) of the FCRA, and are only available to a "consumer" and only for violations ''with respect to any consumer . . ." *See* 15 U.S.C. §1681n(a); *Pezl v. Amore Mio, Inc.*, 259 F.R.D. 344, 347 (N.D. Ill. 2009) ("FACTA does not contain a separate provision establishing a private cause of action; the right to sue is granted under the FCRA."); *Follman v. Village Squire, Inc.*, 542 F.Supp.2d 816, 818 (N.D. Ill. 2007) ("That with these words Congress created a private right of action for consumers cannot be doubted" (quoting *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002))); *Harris v. Circuit City Stores, Inc.*, No. 07 C 2512, 2008 WL 400862, at *2 (N.D. Ill. 2008) ("To be liable under FACTA, a party must violate the statute with respect to a 'consumer'") (citing *Ehrheart v. Lifetime Brands, Inc.*, 498 F.Supp.2d 753, 755-56 (E.D.Pa.2007)). This point is also made clear in the appendix to Part 600, Commentary on the Fair Credit Reporting Act, in the Code of Federal Regulations: "A 'consumer' is the party entitled to sue for willful noncompliance (section 616) or negligent noncompliance (section 617) with the Act's requirements." 16 C.F.R. pt. 600, App. §603(c)(1).

13. The FCRA defines the term "consumer" as "an individual." 15 U.S.C. §1681a(c). This definition is applicable to section 1681n(a), and every other FCRA section. 15 U.S.C. §1681a(a). The Commentary on the FCRA specifically states regarding the FCRA's definition of "consumer":

> The definition includes *only a natural person*. It does not include artificial entities (e.g., partnerships, corporations, trusts, estates, cooperatives, associations) or entitles created by statute (e.g., governments, governmental subdivisions or agencies).

16 C.F.R. pt. 600, App. §603(c)(2) (emphasis added). Thus, the civil remedies under the FCRA apply only to natural persons and not artificial entities. *See id.; Hunt v. Experian Info. Solutions*, No.

6

8:05CV58, 2006 WL 2528531, at *2 (D. Neb. Aug. 31, 2006) ("'Consumer'" includes only natural persons . . .")

14.     Accordingly, a number of courts have held that only a customer who paid with a consumer credit or debit card can recover under the FCRA, and transactions involving business credit or debit cards are excluded from the FCRA.  *See Beringer v. Standard Parking Corp.*, Nos. 07 C 5027, 07 C 5119, 2008 WL 4390626, at *6 n.1 (N.D. Ill. Sept. 24, 2008) (finding it important to distinguish "between transactions made with credit cards issued to individuals and those issued to entities" because "the FCRA applies only to natural persons and not artificial entities."); *Najarian*, 2007 WL 4682071 at *3 ("Only those customers who paid with 'consumer' credit or debit cards . . . qualify for relief under the statute.''); *Hammer v. JP's Southwestern Foods*, L.L.C., 739 F.Supp.2d 1155, 1163 (W.D. Mo. 2010) (granting partial summary judgment for defendant as to claims of any business card holders); *Shurland v. Bacci Cafe & Pizzeria on Ogden Inc.*, 259 F.R.D. 151 (N.D. Ill. 2009) ("FACTA does restrict the availability of civil damages to consumer cardholders.");  *see also, e.g., Azoiani v. Love's Travel Stops and Country Stores, Inc.*, No. EDCV 07-90, 2007 WL 4811627 (C.D. Cal. Dec. 18, 2007); *Price v. Lucky Strike Entm't, Inc.*, CV 07-960-ODW, 2007 WL 4812281 (C.D. Cal. Aug. 31, 2007).

15.      In the present case, the receipt provided to Plaintiff by Shandy's Café was for a purchase made with the GTS Mastercard.  *See* Exb. B at ¶¶ 3, 5.  The receipt did not display the expiration date of any card issued to Huff individually.  *See* Exhs. B, C; Exh. D at no. 3.  Because the credit card used for the transaction at issue was not issued to Huff individually - but was instead a corporate card issued to a business entity - Plaintiff is not a "consumer" as defined under FCRA.  Corporations have no private right of action under FCRA.  *See also Friedman-Katz v. Lindt & Sprungli (USA),*

*Inc.*, 270 F.R.D. 150, 156 (S.D. N.Y. 2010) ("[A]ny right to sue under [FACTA] is limited to 'consumers.'") (citing *Follman v. Vill. Squire, Inc.*, 542 F.Supp.2d 816, 819 (N.D. Ill. 2007). Consequently, Plaintiff does not qualify for relief under the FCRA and his claim fails as a matter of law.

16. Plaintiff presumably will argue that he is a "consumer" under FCRA because he sought and received the GTS Mastercard, and therefore the card is somehow Plaintiff's personal card.[2] In Plaintiff's affidavit, he states that the GTS Mastercard is linked to his Capital One checking account, that he is personally liable for any charges on the account, and that he uses the GTS Mastercard for personal purchases. Exh. B at ¶¶ 3-4. He further states that the transaction at issue was not a business transaction. *Id.* at ¶5. Even accepting these statements as true, they do not turn Plaintiff

---

[2]This lawsuit was not, in all likelihood, Mr. Huff's idea. In another FACTA case handled by Plaintiff's counsel, the District Judge denied class certification and wrote:

> This lawsuit was not of [the Plaintiff's] own design and initiation. In fact, [the Plaintiff] had no prior knowledge and experience regarding FACTA. *Rather, it was his attorney, Ron E. Frank, who discovered the alleged violation of Laguna Beach's parking machines*. In early February 2011, Mr. Frank was vacationing in Laguna Beach, and after paying for parking, noticed that his receipt did not comply with FACTA. Mr. Frank was familiar with FACTA's requirements as he had been prosecuting a FACTA class action in Texas. Four months later, Mr. Frank returned to Laguna Beach and discovered that the parking machines were still printing receipts in violation of FACTA. Mr. Frank then sent a letter to Laguna Beach to "give the City and [sic] opportunity to fix the problem and . . . to have evidence about how the City responds to an average consumer when asked to correct problems." *When Mr. Frank failed to receive an immediate response from Laguna Beach, he began to solicit a class representative by placing flyers on windshields*. Soon thereafter, however, in August of 2011, Scott Leetch, the maintenance supervisor for Laguna Beach's parking facilities, was informed that some of the city's parking machines were erroneously printing credit card expiration dates. Upon learning this, Mr. Leetch immediately contacted Pacific Parking to investigate and reprogram any machines as necessary. *Rowden v. Pacific Parking Systems Inc et al*, Cause 8:11-CV-01190-CJC-AN, in the U.S. District Court for the Central District of California docket entry 101, page 4 (emphasis added, internal citations omitted).

into a "consumer" under the FCRA. It is indisputable that Plaintiff used a card that was, on its face, issued to GTS Associates. This makes the GTS Mastercard a business card irrespective of whether Plaintiff chooses to comingle his personal and business funds, or chooses to make a non-business transaction with the GTS Mastercard. The case law makes clear that a customer who paid with a corporate card does not qualify for relief. Additionally, the case law does not require this Court to make a detailed inquiry into a host of undefined factors in order to determine whether a cardholder using a corporate credit or debit card is actually a "consumer" under the FCRA. For these reasons, Plaintiff cannot establish that he is a "consumer" as defined under FCRA and his claim fails as a matter of law.

17. Earlier in this litigation, this Court was presented with a motion to dismiss filed by Shandy's previous counsel. *See* Docket entry 6. The Court denied the motion, stating that Shandy's argued that "the card used was a business card, but have neither pleaded nor presented evidence that this is the case." *See* Docket entry 8. Shandy's has rectified this omission with the evidence attached to and incorporated by reference into this motion.

### II. PLAINTIFF'S FACTA FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF CANNOT ESTABLISH A WILLFUL FACTA VIOLATION AND BECAUSE PLAINTIFF HAS NOT ESTABLISHED ANY ACTUAL DAMAGES.

18. Even assuming that Plaintiff is a consumer under the FCRA, Shandy's Café is still entitled to summary judgment because Plaintiff cannot establish a willful FACTA violation. Plaintiff must establish a willful violation of FACTA because he does not allege that Shandy's Café caused him actual harm but is only seeking statutory civil penalties pursuant to FCRA section 1681n(a)(l)(A). *See* Exh. D at no. 6; Exh. F at no. 3. Liability for civil penalties is imposed only for any person who

*willfully* fails to comply with FACTA. 15 U.S.C. §1681n(a)(1)(A) (emphasis added); *see Follman v. Village Squire, Inc.*, 542 F.Supp.2d 816, 818-19 (N.D. Ill. 2007); *see also Najarin v. Charlotte Russe, Inc.*, No. CV 07-501-RGK, 2007 U.S.Dist.LEXIS 59879 (C.D. Cal. Aug. 16, 2007). As set forth below, Plaintiff cannot establish Shandy's Café knew that its actions violated FACTA, or that Shandy's Café recklessly disregarded the rights protected by FACTA and FCRA, so as to establish a willful violation.

### A. Supreme Court Precedent Requires A Showing Of Knowing Or Reckless Disregard of FACTA To Constitute A Willful Violation.

19. The United States Supreme Court has recently held that ''willful,'' as used in the FCRA, includes a knowing or reckless disregard of the law. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 127 S.Ct. 2201, 2208 (2007); *Hedlund v. Hooters of Houston*, No. 2:08-CV-45, 2008 WL 2065852, at *3 (N.D. Tex. May 13, 2008). A defendant does not act in reckless disregard ''unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'' *Safeco*, 127 S.Ct. at 2215; *see also Murray v. New Cingular Wireless Services, Inc.*, 523 F.3d 719, 726 (7th Cir. 2008). In other words, recklessness under the FCRA means defendant's conduct created "an unjustifiably high risk of harm that is either known *or so obvious* that it should be known." *Safeco*, 127 S.Ct. at 2215 (emphasis added).

20. In light of the above, Plaintiff here must show that Shandy's Café knew its actions violated FACTA, or that it recklessly disregarded consumers' protected rights. *See, e.g., Najarian v. Charlotte Russe, Inc.*, No. CV 07-501-RGK, 2007 U.S.Dist.LEXIS 59879, at *2 (C.D. Cal. Aug. 16, 2007) ("Therefore, disposition turns on whether Defendant either knew that their [sic] actions

violated FCRA or recklessly disregarded those rights protected by FCRA"). Willfulness is not established simply by showing a defendant knew about FACTA. *See Safeco*, 127 S.Ct. at 2215 (rejecting argument defendant willfully violated Act even though defendant knew of it); *TransWorld Airlines, Inc. v. Thurston*, 469 U.S. 111, 127, 105 S.Ct. 613, 615 (1985) ("We are unpersuaded . . . that a violation of the Act is 'willful' if the employer simply knew of the potential applicability of the ADEA.").

21. Likewise, Plaintiff cannot establish that Shandy's Café acted recklessly simply by alleging FACTA's requirements were well-publicized or were otherwise required to be followed by credit card processors, or by Visa, MasterCard and American Express. *See, e.g., Rosenthal v. Longchamp Coral Gables, LLC,* No. 08-21757-CIV, 2009 WL 748852, at *3 (S.D. Fla. Mar. 19, 2009) (dismissing FACTA claim, holding willfulness cannot be established merely by showing requirements were well-publicized and contained in credit card agreements). A contrary conclusion would create strict liability in contravention of the FCRA's express language, which requires a finding that non-compliance was willful for purposes of section 1681n.[3]

22. In the present case, therefore, for Plaintiff to prevail, Plaintiff must show, at the very least, that Shandy's Café was aware of the prohibition on printing of expiration dates, was unreasonable in its interpretation of the requirements, and thus created an unjustifiably high risk of harm to others that was known or so obvious Shandy's Café should have known of harm. *Safeco*, 127 S.Ct. at 2215. As set forth below, no facts exist to support such a finding.

---

[3] Liability may be imposed for negligent non-compliance under 15 U.S.C. §1681a only if actual damages are proven. Plaintiff does not claim any actual damages. *See* Exh. D at no. 6.

### B. There Is No Evidence Of Willfulness Because Shandy's Café Was Unaware Of The Prohibition Against the Printing of Expiration Dates.

23. Plaintiff cannot establish that Shandy's Café was aware of the prohibition against the printing of expiration dates, or that it acted in reckless disregard of the prohibition against the printing of expiration dates, so as to establish a willful violation within the meaning of section 1681n(a).[4] Shandy Beard, the owner and operator of Shandy's Café, had no knowledge of FACTA's truncation requirements, and was not aware that Shandy's Café's credit card machine was not in compliance with FACTA. *See* Exh. A at ¶¶ 7-8. Additionally, there is no evidence that anyone at Shandy's Café had any awareness of the statute prior to Plaintiff's purchase.

24. Rather, the evidence shows that Ms. Beard had no knowledge prior to this lawsuit that there were any laws or rules that require the redacting of credit card expiration dates from credit card receipts. *Id.* Ms. Beard did not see any information prior to the lawsuit indicating that expiration dates had to be redacted on receipts. *Id.* Shandy's Café is a small, independent café. *Id.* at ¶¶ 3. It is not part of a chain or restaurants, and, unlike larger businesses, does not have the resources to stay abreast of all new relevant legislation. *Id.* Accordingly, there is no basis to conclude that Shandy's Café should have known about the requirements of FACTA.

25. Plaintiff's pending complaint simply contains conclusory and unsubstantiated allegations that Shandy's Café knew of FACTA's prohibition against the printing of expiration dates, and that Shandy's Café willfully violated FACTA. *See* Docket entry 3 (Amended Complaint) at ¶¶ 79, 81 – 85. However, Plaintiff cannot meet his burden of proof to survive summary judgment by such allegations. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Additionally, the

---

[4] The only discovery Plaintiff conducted during the entire 10 month discovery period was a single set of requests for production. Plaintiff served no requests for admissions, no interrogatories, and no notices of deposition.

time period for discovery has ended, and the summary judgment record is completely devoid of any evidence to support Plaintiff's allegation that Shandy's Café willfully violated FACTA. Thus, as stated above, "the plain language of Rule 56(c) *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (emphasis added).

## CONCLUSION

26.     For the foregoing reasons, Shandy's Café respectfully asks this Court to dismiss Plaintiff's lawsuit with prejudice and award Shandy's Café all relief to which it is justly entitled.

Respectfully submitted,

/s/ David Adler

---

David Adler
State Bar of Texas 00923150
6750 West Loop South
Suite 120
Bellaire (Houston), Texas 77401
(713) 666-7576
(713) 665-7070 (Fax)

Attorney for Defendant,
Shandy's Cafe, LLC

## CERTIFICATE OF CONFERENCE

Plaintiff is presumably opposed to this motion.

/s/ David Adler

_____

David Adler

## CERTIFICATE OF SERVICE

A copy of this motion was served upon Plaintiff's attorney via ECF on January 14, 2013.

/s/ David Adler

_____

David Adler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CASEY HUFF** | § | |
| | § | |
| *versus* | § | CIVIL DOCKET H-11-3549 |
| | § | JUDGE GRAY H. MILLER |
| **SHANDY'S CAFÉ, LLC** | § | |

### ORDER ON MOTION FOR SUMMARY JUDGMENT

Defendant Shandy's Cafe, LLC's motion for summary judgment is **GRANTED.** The Court orders that Plaintiff Casey Huff's claims against the Defendant dismissed with prejudice, and that Plaintiff pay Shandy's Café for it costs and fees incurred defending this lawsuit.

This is a final judgment.

Signed on _____ _____, 2013.

_____
Gray H. Miller
United States District Judge