IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CASEY HUFF, individually and on behalf of all others similarly situated <br><br> Plaintiff <br><br> v. <br><br> SHANDY'S CAFÉ, LLC <br> Defendant | Case No. 4:11-CV-03549 |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and MOTION TO COMPEL AND FOR A CONTINUANCE

Casey Huff on behalf of himself and all others similarly situated ("Plaintiff"), files this Opposition to Defendant's Motion for Summary Judgment, Motion to Compel and Motion to Continue.

### OVERVIEW

Shandy's Motion for Summary Judgment is based on two points: first Defendant claims that Plaintiff was not a consumer and second Defendant claims that Plaintiff has not established that he is entitled to damages. The Summary Judgment must be denied because (1) Plaintiff was a consumer, and alternatively, the putative class are consumers and (2) no actual damages have to be proven in this case. It is a case of statutory damages only.

**Plaintiff was a consumer**

The defense of "consumer" status in FACTA cases is illusory. Credit card companies do not issue unsecured credit cards to "entities". Credit card companies only issue unsecured credit cards to individuals who qualify for unsecured credit. While it is true that a credit card company will allow a credit card to be placed in an entity's name, the individual is the one ultimately responsible for the usage on the card. The affidavit of Casey Huff attached to this Motion establishes that he is a consumer and is personally liable for the usage, that the card he used is a debit card and that it is in the name of forfeited company, partially, in name only. He is personally liable for the charges and any theft of the card would result in personal liability. This is exactly what FACTA was created to protect. Based on his testimony, there is clearly a fact issue regarding his consumer status.

Further, there should be no distinction between a business verses individual usage. *See Follman v. Village Squire, Inc.*, 542 F.Supp.2d 816, 819 (N.D. Ill. 2007) ("Section 1681c(g) is "clearly intended for the protection of consumers, even if it applies broadly to **both** individual cardholders **and entity cardholder**.") *citing Leowardy v. Oakley, Inc.,* 2007 WL 1113984, *2 (C.D. Cal. 2007) (emphasis added); *Grabein v. Jupiter Images Corp.,* No. 07–22288–CIV, 2008 WL 2704451, *3-4 (S.D. Fla. 2008) (report and recommendation of magistrate judge), *adopted,* 2008 WL 2906866 (S.D. Fla. 2008) (applying FACTA to both business

and individual consumers).  Creating such a distinction makes no sense in light of the justification for the passage of FACTA: to help prevent credit card fraud.

Further, Defendant ignores the fact that this case is not just about Plaintiff, it is about all the other consumers who used credit cards at Shandy's.  Shandy's does not deny that she violated FACTA and has been printing expiration dates on credit card receipts for years.  It is unknown at this point who will be the final class representative in this case.  Shandy has yet to produce a single document or provide any discovery in this case.

### This is not an actual damage case

Shandy's second point of contention is that she claims that Plaintiff can't prove any actual damages so the case should be dismissed.  Shandy's doesn't understand FACTA.  This is not an actual damage case. This is a statutory fine case.   Plaintiff is only seeking statutory damages under 15 U.S.C. §1681n(a)(1)(A) and 15 U.S.C. §1681n(a)(2).  Any class member who is seeking actual damages is excluded from this case.  Plaintiff does not have to prove any damages, because damages in a FACTA case are presumed.  When a business prints confidential credit card information on a receipt, they increase the risk of identity theft to such a degree that damages to the consumer are presumed.

## MOTION TO CONTINUE and COMPEL

Alternatively, Plaintiff asks the Court to continue a ruling on this matter until after Shandy's has answered discovery and provided the information and documents requested. A decision still has not been made as to who will ultimately be the class representative in this case.

Plaintiff's counsel is entitled to have access to potential class representatives prior to any ruling on class certification. *Gulf Oil Co. v. Bernard Co. v. Bernard,* 452 U.S. 89, 101 (1981); *Nguyen v. Baxter Healthcare Corp.,* 275 F.R.D 503, 507 (2011) ("after a prima facie case is alleged and a motion to dismiss is denied, pre-certification communication by class counsel with potential class members must be permitted.")

Plaintiff attempted to discover relevant information about the issues involved in this case. See Exhibit 1. Defendant filed global vague objections to every request:

> "Defendant objects to this request as overly broad, not reasonably specific, and not limited by time or scope. Defendant further objects because the request seeks information that is not relevant to the subject matter of the pending action, or any claim or defense of any party thereto, nor is it reasonably calculated to lead to the discovery of admissible evidence."

Plaintiff has been asking for the documents and the names and addresses of potential class members for 9 months and Shandy's has refused to produce any documents or the requested information about class claimants (Ex. 2). These global objections should be struck and Shandy's should be ordered to produce the

requested documents.  Further, Shandy's should be compelled to provide the name, address and phone number of every person that used a credit card at her store during the relevant time period from June 4, 2008, until the day that Shandy's changed the way its credit card machine printed receipts.

What Shandy is trying to do is get a ruling on a Motion for Summary Judgment and have a class action dismissed without ever providing any discovery. Forcing Plaintiffs to adjudicate a class certification without conducting necessary discovery is a denial of due process and an abuse of discretion.  *See Artis v Deere & Co.,* 276 F.R.D 348, 351 (N.D. Cal. 2011), *citing Doninger v. Pacific Northwest Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977) ("to deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion.")

This Court should continue the deadlines in the case for 6 months and provide plaintiff with access to all potential class members before making dispositive rulings in this case

 Dated: February 6, 2013

Respectfully submitted,

**F&L LAW GROUP, PC**


BY: __/s/ Ron E. Frank_____
     Ron E. Frank
     Texas Bar No. 07370770
     1251 Pin Oak Road, Suite 13
     Katy, Texas 77494
     (281) 542-3575
     (713) 493-0175 – Fax

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

This will certify that on the 6th day of February, 2013, a true an d correct copy of the above was filed with the clerk using the CM/ECF system, thus, notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

BY: __/s/ Ron E. Frank_____
     Ron E. Frank


## CERTIFICATE OF CONFERENCE

This will certify I have attempted to confer with opposing counsel about this matter and was not able to reach a resolution, requiring court intervention.

BY: __/s/ Ron E. Frank_____
     Ron E. Frank