UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CASEY HUFF** | § | |
| | § | |
| *versus* | § | **CIVIL DOCKET H-11-3549** |
| | § | **JUDGE GRAY H. MILLER** |
| **SHANDY'S CAFÉ, LLC** | § | |

### DEFENDANT SHANDY'S CAFÉ, LLC'S REPLY TO HUFF'S RESPONSE

*TO THE HONORABLE GRAY H. MILLER:*

Defendant, Shandy's Café, LLC, ("Shandy's") files this reply to plaintiff Casey Huff's ("Huff") response to the motion for summary judgment and, in support thereof, respectfully shows this Court as follows:

1. Huff's response suffers from multiple substantive and procedural defects. The response fails to raise any fact issues that preclude summary judgment.

### I. The Substantive Flaws in Plaintiff's Response

2. Shandy's made two arguments in its motion for summary judgment: 1) Plaintiff cannot demonstrate that he is a "consumer" as defined in and required by the FCRA, and 2) Plaintiff cannot establish a willful FACTA violation.

A.  Plaintiff Fails To Raise A Fact Issue Regarding The Corporate Nature Of The Card

3. To be entitled to relief under the FCRA, a plaintiff must be a consumer, which is defined as an individual and not an artificial entity. *See* 15 U.S.C. §1681a(c); 15 U.S.C. §1681n(a); 16 C.F.R. pt. 600, App. §603(c)(2). Accordingly, only cardholders who pay with a consumer debit or credit card can recover under the FCRA. *See Najarian v. Avis Rent a Car System*, No. CV 07-588-RGK, 2007 WL 4682071, at *3 (C.D. Cal. June 11, 2007) ("Only those customers who paid with 'consumer' credit or debit cards . . . qualify for relief" under FACTA.). The undisputed summary

judgment evidence shows that Huff used a card in the name of the corporate entity "GTS & Associates."

4. The only effort Huff makes to rebut this evidence is to provide the very same affidavit that Shandy's attached to the motion for summary judgment. Although Huff claims he uses the card for personal purchases, he does not (and cannot) provide any evidence that the card is not what it plainly appears to be - a corporate card. The card and the receipt from the transaction both state the corporate entity rather than Huff's name. Huff has not raised a fact issue regarding the corporate nature of the card used in the transaction.

B. <u>Plaintiff Fails To Raise A Fact Issue Regarding Willfulness As Required By FACTA</u>

5. Huff argues in his response that "Shandy's doesn't understand FACTA. This is not an actual damage case. This is a statutory fine case." Plaintiff's Response, docket entry 17, pg. 3. However, and as stated in the motion for summary judgment, the plain language of 15 U.S.C. §1681n(a)(1)(A) requires Huff to establish a willful violation of FACTA in order to obtain statutory damages.

6. Huff's response fails to address in any way his complete lack of evidence regarding a willful violation. The affidavit attached to Shandy's motion states that she was unaware of FACTA's requirements. Thus, her violation of the statute could not have been willful. Huff has not - and cannot - raise any fact issues regarding the unintentional nature of Shandy's alleged violation.

II. <u>The Procedural Flaws in Plaintiff's Response</u>

7. Plaintiff's response has a surprising number of procedural defects. These errors - taken either individually or collectively - further demonstrate that Huff has failed to raise any fact issues that would preclude summary judgment.

A.   Plaintiff's Response Was Untimely

8. Local Rule 7.3 states that "opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel." Local Rule 7.4 states that "Failure to respond will be taken as a representation of no opposition" and that responses to motions "must be filed by the submission day."

9. Plaintiff's response was filed 23 days after the motion for summary judgment. Thus, Huff has not presented any competent evidence to rebut Shandy's motion. Pursuant to the Local Rules, the response should not be considered by the Court. *See also Buckley v. Donohue Indus. Inc.*, 100 F. App'x 275, 278 (5th Cir. 2004) (per curiam)(indicating the district court did not abuse its discretion in denying an extension of time to file a response to summary judgment after the plaintiff failed to timely respond).

B.   Plaintiff's Motion To Continue Does Not Include The Required Affidavit Or Declaration

10. Under Rule 56(d), a party may move the court to defer consideration of an opposing party's motion for summary judgment or move the court for additional time to obtain affidavits and declarations or to take discovery if the party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion. FED. R. CIV. P. 56(d).

11. Huff's motion to continue is fatally defective under Rule 56(d). The required affidavit or declaration is not included in Huff's motion.[1] The Fifth Circuit recently affirmed a district court's determination that a party's motion to re-open discovery was procedurally defective under Rule

---

[1] "A formal affidavit is no longer required. 28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit." Committee Notes on Rules - 2010 Amendment to FED. R. CIV. P. 56(d). Huff fails to meet even this relaxed standard.

56(d) for not including an affidavit or declaration. *Leza v. City of Laredo*, ___ F.3d App'x ___ (No. 12-40273, October 29, 2012)(5th Cir.)(unpublished opinion)(attached as exhibit A). The Fifth Circuit wrote, "Rule 56(d) requires a party requesting additional discovery as to facts essential to its opposition of a motion for summary judgment to present an affidavit or declaration . . . Regardless of whether [a party] personally believes the affidavit requirement contained in Rule 56(d) is "redundant," "inappropriate," or "bureaucratic," it is what Rule 56 requires."

C.  The Discovery Plaintiff Seeks Doesn't Relate To The Summary Judgment Issues

12.  The Fifth Circuit holds that a party seeking time for additional discovery must show, *inter alia*, that the requested discovery relates to the summary judgment motion. *Wichita Falls Office Assocs. v. Banc One*, 978 F.2d 915, 919 (5th Cir. 1992); *Int.l Shortstop, Inc. v. Rally.s, Inc.*, 939 F.2d 1257, 1266-68 (5th Cir. 1991).

13.  Huff's motion to continue seeks discovery only on class certification issues.[2] He does not seek discovery on the corporate nature of the card or the unintentional nature of Shandy's violation. Even if he obtains his sought-after discovery, it will not overcome the summary judgment issues raised by Shandy's motion. Any information Huff might receive on class certification would not "influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

D.  Plaintiff Was Not Diligent In Seeking Discovey

14.  The Fifth Circuit also requires that a party seeking additional time must have "acted diligently such that the nonmovant was not placed in the current position through his own inaction."

---

[2] Huff complains that he has been asking for "the names and addresses of potential class members for 9 months." Docket entry 17, pg. 4. However, this information was not requested in the one discovery pleading - a set of requests for production - Huff served on Shandy. Regardless, a party is not required to create a list in response to a request for production.

*Wichita Falls Office Assocs. v. Banc One*, *supra*, at 919 (5th Cir. 1992); *Int.l Shortstop, Inc. v. Rally.s, Inc.*, *supra*, at 1266-68 (5th Cir. 1991).

15. During the 10 months this Court allowed for discovery, Huff served a single set of requests for production. He served no requests for admissions, no interrogatories, and no notices of deposition. Now Huff asks for *more* time for discovery.[3] Clearly, he has failed to act diligently in the pursuit of evidence, and shows no cause for this failure. *See Wichita Falls*, 978 F.2d at 919 ("The trial court need not aid non-movants who have occasioned their own predicament through sloth").

E.     Plaintiff's Motion To Compel Is Also Untimely And Was Not Filed According To This Court's Procedures

16. Shandy's provided responses to Huff's production requests on March 3, 2012 - nine months *before* the discovery deadline. Yet Huff waited until February 6, 2013 - almost 2 months *after* the discovery deadline - to file a motion to compel. Huff has not sought leave to file an untimely motion to compel, and cannot provide good cause for this glaring failure to file timely. *See Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (citing cases) (finding defendant's motion to compel untimely where filed two weeks after discovery deadline, even though it was filed on day of scheduling order deadline for all motions). Huff also did not comply with this Court's Procedure 6(C)(1)[4] before filing his untimely and insufficient motion to compel.

---

[3] To the extent necessary to preserve any error for appellate review, Shandy's objects to Huff's untimely and insufficient motion to continue a ruling in this matter and to continue the deadlines in this case, and also objects to Huff's untimely motion to compel.

[4] "Any party wishing to make a discovery motion should arrange for a conference with the court before submission of any motion papers."

5

### III. Conclusion

17. For the foregoing reasons, Shandy's Café respectfully asks this Court to dismiss Plaintiff's lawsuit with prejudice and award Shandy's Café all relief to which it is justly entitled.

Respectfully submitted,

/s/ David Adler

_____
David Adler
State Bar of Texas 00923150
6750 West Loop South
Suite 120
Bellaire (Houston), Texas 77401
(713) 666-7576
(713) 665-7070 (Fax)

Attorney for Defendant,
Shandy's Cafe, LLC

### CERTIFICATE OF SERVICE

A copy of this motion was served upon Plaintiff's attorney via ECF on February 11, 2013.

/s/ David Adler

_____
David Adler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CASEY HUFF** | § | |
| | § | |
| *versus* | § | **CIVIL DOCKET H-11-3549** |
| | § | **JUDGE GRAY H. MILLER** |
| **SHANDY'S CAFÉ, LLC** | § | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Defendant Shandy's Cafe, LLC's motion for summary judgment is **GRANTED.** The Court orders that Plaintiff Casey Huff's claims against the Defendant dismissed with prejudice, and that Plaintiff pay Shandy's Café for it costs and fees incurred defending this lawsuit.

This is a final judgment.

Signed on _____ _____, 2013.

_____
Gray H. Miller
United States District Judge