UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASEY HUFF, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3549 |
| | § | |
| SHANDY'S CAFÉ, LLC, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Shandy's Café, LLC's ("Shandy's Café" or "defendant") motion for summary judgment and plaintiff Casey Huff's ("plaintiff" or "Huff") motion to compel and for a continuance. Dkts. 16–17. First, regarding the motion to compel, because plaintiff's requested discovery is unrelated to the willfulness element of his claim and he has provided no explanation for not moving to compel before the close of discovery, plaintiff's motion (Dkt. 17) is **DENIED**. Second, having reviewed the motion for summary judgment, plaintiff's response, the record, and applicable law, Shandy's Café's motion (Dkt. 16) is **GRANTED**.

**I. ANALYSIS**

**A.    Case Background**

In September 2011, plaintiff patronized defendant's establishment in Harris County, Texas. *See* Dkt. 3 (Plaintiff's amended complaint) at 16 ¶ 75.  Plaintiff claims that when he received an electronically-printed receipt from defendant, the receipt contained the expiration date of plaintiff's credit card.  *Id.*  On October 3, 2011, plaintiff filed a putative class action complaint against the defendant, contending that defendant violated 15 U.S.C. § 1681c(g)(1), a provision of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA").  Dkt. 1 (Plaintiff's original complaint) at 1

¶ 1. Plaintiff admits that he has not suffered any actual damages as a result of the September 2011 transaction upon which this case is based, and he is seeking only statutory damages, attorneys' fees, and punitive damages. Dkt. 16, Ex. F (Huff's Responses to Defendant's Interrogatories) at 1 ¶ 2.

When plaintiff filed his complaint, he purportedly brought this case "on behalf of himself and all others similarly situated." Dkt. 3 at 1. However, this case has been pending for more than sixteen months, and to date plaintiff has not moved for class certification. Discovery closed in this case on December 15, 2012. Dkt. 15. Further, until plaintiff filed his response to defendant's motion for summary judgment on February 6, 2013, he had not filed any documents in this case since January 13, 2012. *See* Dkts. 13, 17.

**B.     Plaintiff's Motion to Continue and Compel**

The court will first consider plaintiff's motion to continue and compel contained in his response to defendant's summary judgment motion. Plaintiff alleges that defendant has not provided discovery related to class certification issues, and consequently the court should continue all deadlines in this case for six months and compel defendant to provide plaintiff with discoverable information regarding class certification responsive to plaintiff's requests. Dkt. 17 at 4–5.

The scheduling order entered in this case set December 15, 2012 as the deadline for all discovery to be completed. Dkt. 15 at 1 ¶ 5. All pretrial motions were due by January 14, 2013. *Id.* ¶ 7. Plaintiff has not shown that the requested discovery is relevant to the summary judgment issues before this court, and in any case, plaintiff failed to file a timely motion to compel without explaining any reason for his delay. Accordingly, plaintiff has not met his burden to demonstrate good cause for the court to consider his immaterial (and untimely) motion to compel and continue the scheduling order's remaining deadlines. Plaintiff's motion (Dkt. 17) is **DENIED**.

2

**C.    Defendant's Motion for Summary Judgment**

Defendant raises two grounds for summary judgment: (1) plaintiff is not a consumer under the Fair Credit Reporting Act ("FCRA"), which provides the private right of action for a FACTA violation; and (2) plaintiff has no evidence that defendant's FACTA violation, if any, was willful. Dkt. 16 at 2. Plaintiff responds that he does qualify as a consumer under the FCRA, and he is only seeking statutory damages. Dkt. 17 at 1. However, plaintiff has offered no evidence of defendant's willfulness, and the court finds that plaintiff has not met his summary judgment burden.[1]

FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print . . . the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681c(g). The available remedies for a FACTA violation depend upon whether the violation was negligent or willful. If a merchant's violation is merely negligent, plaintiff may not recover statutory damages and may only recover actual damages. *Id.* § 1681o(a)(1); *see Long v. Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 371, 374 (3d Cir. 2012). But if plaintiff demonstrates a willful violation, FACTA permits the plaintiff to recover either actual damages or statutory damages ranging from $100 to $1000. *Id.* § 1681n(a)(1)(A) ("Any person who *willfully* fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure *or* damages of not less than $100 and not more than $1,000") (emphases added). The court may also award punitive damages in cases involving willful violations. 15 U.S.C. § 1681n(a)(2).

---

[1] Because the court finds that plaintiff has not met his burden on the willfulness issue, the court expresses no opinion on the defendant's alternative ground for summary judgment that plaintiff lacks standing as a "consumer" under the FCRA.

3

On a motion for summary judgment, defendant bears the initial burden to show an absence of a genuine dispute of material fact, and it may do so by identifying a lack of evidence to support one or more essential elements of the non-movant's claim.  *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S. Ct. 2548 (1986); *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012).  Shandy's Café has met this burden.  It has shown that Huff has no evidence that defendant's FACTA violation, if any, was willful, *i.e.*, done knowingly or in reckless disregard of the law's prohibition against printing expiration dates on credit card receipts.  Without such evidence, Huff cannot recover statutory or punitive damages available for a willful violation, and his claim cannot proceed to trial.  *Long*, 671 F.3d at 374.

The burden to avoid summary judgment now shifts to the non-movant, plaintiff, who must go beyond the pleadings and "come forward with specific facts indicating a genuine issue for trial." *Moreno*, 667 F.3d at 550.  In his response, Huff fails to point to any evidence of record tending to show that Shandy's alleged violation was willful.  Instead, Huff contends that actual damages need not be proven because this is a statutory damages case in which damages are presumed.  Dkt. 17 at 3.  Huff's FACTA interpretation is incorrect.

While FACTA permits a claim to proceed without a showing of actual damages, those claims require the plaintiff to demonstrate defendant's willfulness in violating the statute.  Huff pled a willful violation in his complaint, but without evidence of willfulness, he fails to meet his summary judgment burden.  Defendant's motion for summary judgment (Dkt. 16) is **GRANTED**.

## II.  Conclusion

Plaintiff's motion to continue and compel (Dkt. 17) is **DENIED**.  Shandy's Café's motion for summary judgment (Dkt. 16) is **GRANTED**.

It is so **ORDERED**.

Signed at Houston, Texas on February 12, 2013.

_____
Gray H. Miller
United States District Judge